Filed 7/27/26  P. v. Contreras CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISRAEL CONTRERAS,<br><br>    Defendant and Appellant. | F089886<br><br>(Super. Ct. No. BF198860A)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P. J., DeSantos, J. and Harrell, J.

Defendant Israel Contreras was convicted of multiple crimes, mostly in connection with a shooting incident involving his ex-girlfriend.  He contends the trial court erred in relying in part on the sentencing factor described in California Rules of Court,[1] rule 4.421(b)(2) because it was not found true nor admitted.  We conclude the error was harmless beyond a reasonable doubt and affirm the judgment.

## STATEMENT OF THE CASE

On April 8, 2025, the Kern County District Attorney filed an amended information charging defendant with unlawful carrying of a firearm on his person or in a vehicle (Pen. Code,[2] § 25400, subd. (c)(4), count 1), two counts of concealing a firearm in a vehicle as an occupant (§ 25400, subd. (a)(3), counts 2 & 9), carrying a loaded handgun not registered to him (§ 25850, subd. (c)(6), count 3), carrying a loaded firearm in public (§ 25850, subd. (a), count 4), two counts of unlawfully owning, possessing, purchasing, receiving and having custody and control of a firearm as a person prohibited from doing so (§ 29820, counts 5 & 8), assault with a semiautomatic firearm (§ 245, subd. (b), count 6), criminal threats (§ 422, subd. (a), count 7), carrying a loaded firearm as a person prohibited from doing so (§ 25850, subd. (c)(4), count 10), discharge of a firearm with gross negligence (§ 246.3, subd. (a), count 11), attempted murder (§§ 664, 187, subd. (a), count 12), and shooting at an inhabited dwelling (§ 246, count 13).

The information alleged counts 1–5 occurred on January 1, 2024.  The information alleged counts 6–13 occurred on April 2, 2024.  Defendant moved to sever trial on counts 1–5 from trial on counts 6–13.  The trial court denied the motion.

---

[1]     All further rule references are to the California Rules of Court.

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

The jury convicted defendant on counts 5, 8, 9 and 10.[3] The jury acquitted defendant on counts 1, 2, 7, 12 and 13. The jury was unable to reach a verdict on counts 3, 4, 6, 11, and the trial court declared a mistrial on those counts.

Defendant waived his right to a jury trial on the sentencing factors under rule 4.421, and the trial court bifurcated trial on those factors. Plea negotiations ensued with respect to the hanged counts. Defendant agreed to plead no contest to counts 6 and 11, and admit all of the rule 4.421 factors attached to the counts on which he was found guilty, which included: rule 4.421(a)(1)–(a)(2), (a)(8), (b)(1), (b)(4)–(b)(5). Pursuant to the plea, the prosecution agreed "not to file incident from [February 23, 20]24." The prosecution then requested, and the court granted, dismissal of counts 3 and 4.

At sentencing, the trial court found that there was one applicable mitigating circumstance: defendant was under the age of 26. The court also found the factors under rule 4.421(a)(1), (a)(8), (b)(1) (b)(2), (b)(4), and (b)(5) had been admitted and the court would be "using" them in sentencing. The court found that using the factor under rule 4.421(a)(2) would constitute dual use of facts and therefore did not rely upon it.

The trial court sentenced defendant to six years on count 6, plus eight months on count 11, plus eight months on count 5, plus stayed (§ 654) upper terms of three years on each of counts 8, 9, and 10.

## FACTS

The underlying facts are immaterial to the sole issue presented on appeal so we will provide only a brief factual summary.

### *January 1, 2024 Incident*

Officer Joshua Cavazos testified that in the early morning hours of January 1, 2024, he pulled up behind a truck, and saw several occupants enter before the truck drove

---

[3]    In connection with counts 9 and 10, the jury found that defendant was prohibited from possessing a firearm under sections 25400, subdivision (c)(4) and 25850, subdivision (c)(4), respectively.

away.  Cavazos initiated a traffic enforcement stop when the rear passenger exited and ran away.  Another officer investigating the incident questioned defendant, who admitted that he "just ran" because he was on probation "and there was an AR in the truck and other stuff too."

### *April 2, 2024, Incident and Surrounding Events*

The bulk of the evidence at trial concerned a shooting on April 2, 2024.  There were multiple percipient witnesses to the events preceding the shooting.  We will briefly synthesize testimony favorable to the judgment.

Defendant and A.C. had a tumultuous relationship that included physical abuse by defendant.  A fight broke out at a house party on March 30, 2024, between defendant's family and A.C.'s family and friends.  Defendant and A.C. broke up that night, and defendant came to A.C.'s apartment in the early morning hours after the party and retrieved some of his items while carrying a gun in his hand.

Defendant and A.C. later coordinated for defendant to return several days later and retrieve additional items.  They met outside A.C.'s apartment and she handed the items to defendant.  Defendant then threatened to shoot A.C. and her father.  A short time after they separated, A.C. and others heard multiple gunshots being fired.

## DISCUSSION

**I.      The Trial Court's Failure to Obtain Defendant's Admission of the Sentencing Factor Under Rule 4.421(b)(2) was Harmless Beyond a Reasonable Doubt**

Defendant initially filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting that this court conduct an independent review of the record.  We requested supplemental briefing concerning the trial court's reliance on the sentencing factor under rule 4.421(b)(2), despite that factor not appearing to have been found true in a jury or court trial and not having been admitted by the defendant.  Defendant filed a supplemental brief indicating the factor was indeed never found true in a jury or court

trial, nor was it admitted by defendant. The Attorney General concedes that the sentencing factor was not admitted nor proven in accordance with section 1170, subdivision (b)(2), but contends the error was harmless beyond a reasonable doubt.

***Additional Background***

As noted above, defendant agreed to a plea deal after the jury failed to reach a verdict on counts 3, 4, 6, and 11. As counsel explained the plea deal to the trial court, the court asked, "And the [rule] 4.421 factors that will be admission as to all the counts that are guilty, correct, or no contest?" Defense counsel replied, "That's correct." The court then asked defendant if that was what he wished to do today, and defendant replied, "Yes."

However, when it came time to accept defendant's change of plea as to the charges and sentencing factors, the trial apparently forgot to ask defendant if he admitted the sentencing factor alleged under rule 4.421(b)(2). Specifically, the court said,

> "THE COURT: There are several [r]ule of [c]ourt violations. They are different for each one. Let me get my notes.
>
> "For 4.421(a)(1), it is alleged as to [c]ounts—well, I'll just go through them.
>
> "So 4.421(a)(1) is alleged as to some of the counts that the crime involved great violence, bodily harm, or threat of great bodily harm.
>
> "4.421(a)(2) alleged that you were armed or used a weapon at the time of the commission of the crimes.
>
> "4.421(a)(8) alleged manner in which the crime was carried out indicates planning, sophistication, or professionalism.
>
> "4.421(b)(1) alleges that you engaged in violent conduct that indicates a serious danger to society.
>
> "4.421(b)(4) alleges you were on probation or supervision or [p]ost [r]elease [c]ommunity [s]upervision or parole when the crime was committed.
>
> "And 4.421(a)(b)(5) alleges your prior performance on that type of supervision was unsatisfactory.

5.

"As to each count that each of these are alleged in, do you admit that those allegations are true?

"[DEFENSE COUNSEL]: Yes.

"[DEFENDANT]: Yes."

At sentencing, the trial court listed the various sentencing factors. When discussing the sentencing factor under rule 4.421(b)(2), the court said, "I agree that the circumstance in aggravation under [rule] 4.421(b)(2) was admitted, and that is that his prior convictions or sustained petitions as a juvenile were numerous."

At the conclusion of the list of sentencing factors, which included the comment above concerning rule 4.421(b)(2), the trial court stated, "So each of those that I listed that were admitted I would be using." Shortly thereafter, the court pronounced the sentence which included upper terms on counts 8, 9, and 10.

***Law***

"When the trial court *actually relies* on improperly proven aggravating facts to 'justify' an upper term sentence, a Sixth Amendment violation occurs and *Chapman* must be satisfied." (*People v. Lynch* (2024) 16 Cal.5th 730, 761.) We must be certain beyond a reasonable doubt that the error was harmless. (*Chapman v. California* (1967) 386 U.S. 18, 24.)

The Attorney General contends the error was harmless for two reasons, which we will address in turn.

The Attorney General argues that defendant's criminal history as reflected in the probation report shows his priors were clearly " 'numerous' " and "increasing in seriousness." The probation report lists four juvenile adjudications occurring on three separate dates in 2014 and one in 2016. The charges, in chronological order, were for alleged violations of sections 417, subdivision (a)(1); 148, subdivision (a)(1) and Welfare and Institutions Code section 777, subdivision (a)(2); Welfare and Institutions Code

6.

section 777, subdivision (a)(2); and sections 664/187, 189, 12022.53, subdivision (d), and 186.22, subdivision (b)(1).

The Attorney General cites *People v. Searle* (1989) 213 Cal.App.3d 1091, where the appellate court concluded three convictions were "numerous" and therefore the trial court did not err in aggravating the sentence on that ground. However, just because a trier of fact *could* have found the sentencing factor true here does not mean that the failure to make any finding whatsoever (or obtain a guilty plea thereto) was harmless under *Chapman*. The application of this sentencing factor is a qualitative one (see *People v. Wiley* (2025) 17 Cal.5th 1069, 1082–1083), and different factfinders could arguably resolve the issue differently. To find the error harmless, we must be certain beyond a reasonable doubt that *no* reasonable factfinder could have found in favor of defendant on the issue.

The Attorney General also contends that defendant clearly intended to admit the rule 4.421(b)(2) factor pursuant to the plea deal, and only failed to formally do so due to inadvertence by all parties. We agree. Recall that as counsel explained the plea deal to the trial court, the court asked, "And the [rule] 4.421 factors that will be admission as to all the counts that are guilty, correct, or no contest?" Defense counsel replied, "That's correct." The court then asked defendant if that was what he wished to do today, and defendant replied, "Yes." It is clear from this exchange that defendant intended to admit all of the rule 4.421 factors on the counts to which he was pleading, which would have included the factor under rule 4.421(b)(2). His subsequent failure to formally do so was clearly just an oversight by the court and the parties during the formal plea colloquy. While defendant does not concede harmlessness, even he acknowledges that "there is no question that the plea bargain encompassed appellant's admission as to the facts underlying" the sentencing factors, including the factor under rule 4.421(b)(2).

Because defendant's intention is clear from the record, we are convinced beyond a reasonable doubt that the error here was harmless.

## **DISPOSITION**

The judgment is affirmed.